IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANE MARUSCHAK, Individually and as Administrator of the Estate of John Maruschak | ) CASE NO.: ) ) JUDGE: ) |
| Plaintiff, | ) ) |
| v. | ) **PETITION FOR REMOVAL FILED** ) **BY DEFENDANT CITY OF** |
| THE CITY OF CLEVELAND, *et al.*, | ) **CLEVELAND** ) |
| Defendants. | |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Defendant City of Cleveland respectfully submits this Petition for Removal of this action to the United States District Court for the Northern District of Ohio, Eastern Division.

1. On June 16, 2009 Plaintiff Diane Maruschak filed a civil action in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV-09-695872, "*Diane Maruschak v. The City of Cleveland, et al.*," demanding judgment against Defendants Aaron and Alex Wulff, the City of Cleveland, the City of Cleveland Division of Police, former Cleveland dispatcher Donna Yousef, and John Does 1 – 20. Plaintiff brings this lawsuit based on the death of her son, John Maruschak, who was allegedly beaten and kidnapped by Defendants Aaron and Alex Wulff. (The Wulff Defendants are presently incarcerated in connection with those allegations.) In addition to allegations against the Wulff Defendants for the death of her son, Plaintiff brings this lawsuit against the City of Cleveland, former Cleveland dispatcher Donna Yousef, and unnamed City of Cleveland employees based on allegations that Donna Yousef failed to

dispatch police in response to a 911 call concerning John Maruschak's beating and kidnapping; that the City of Cleveland failed to investigate the incident, including the circumstances surrounding Donna Yousef's failure to dispatch police; and that the City of Cleveland failed to discipline Donna Yousef in connection with her alleged failure to act. Plaintiff requests relief against Defendants Aaron and Alex Wulff for assault and murder, wrongful death, emotional distress, and loss of consortium. Plaintiff requests relief against Defendants the City of Cleveland, the Cleveland Division of Police, Donna Yousef, and John Doe Defendants 1-20, for negligent hiring, training and supervision; for violation of the decedent's constitutional right to life, to liberty, to property, to due process, to be free from cruel and unusual punishment, and to equal protection of the laws and other rights (citing to 42 U.S.C. §§ 1983, 1985, and 1988); for violations of state statutes, and for wrongful death, emotional distress, and loss of consortium.

  2. Title 28 U.S.C. §§ 1343(a)(3) and 1331 provide this Court with original jurisdiction over Plaintiff's § 1983, § 1985, and § 1988 claims. Supplemental jurisdiction over the remaining state-law claims is authorized under 28 U.S.C. § 1367. Because the Court has original jurisdiction over claims raised in the Complaint, removal is appropriate under 28 U.S.C. § 1441.

  3. Defendants Aaron and Alex Wulff each received a copy of the Complaint on or about June 22, 2009. Defendant City of Cleveland received a copy of the Complaint on or about June 24, 2009. The only other named defendant, Donna Yousef, has not been served. The City of Cleveland did not obtain the consent of served Defendants Aaron and Alex Wulff. While, as a general rule, all served defendants must join in a removal petition in order to effect removal (*Brierly v. Alusuuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999) and *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)), pursuant to 28

U.S.C. § 1441(c) the consent of Defendants Aaron and Alex Wulff is not required for Defendant City of Cleveland to remove the claims brought against it.  Section 1441(c) states "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  28 U.S.C. §1441(c).  For purposes of Section 1441(c), "a separate and independent claim or cause of action" arises from a set of facts separate and distinct from those facts supporting other claims in the complaint, and results in a wrong separate and distinct from other wrongs the plaintiff alleges in her complaint.  *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 13-14 (1951).  When there is a separate and independent cause of action, only those defendants against whom it is brought need join in the petition to remove the entire case.  *Kurz v. City of Grosse Pointe Woods*, No. 88-1772, 1989 WL 40138 at *2 (6th Cir. Apr. 10, 1989) (per curiam) (unreported, attached as Exhibit A); see also, *Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 19 F.3d 1433 (6th Cir. Mar, 22, 1994) (Removal in this case is predicated on the assertion of the federal handicap claim.  Such a claim can only be asserted against the employer which in this case joined in the removal petition. Under such a scenario, only the defendants subject to the federal claim need sign the petition for removal.") (unreported, attached as Exhibit B); see also, Memorandum of Opinion issued by Judge John M. Manos in *Cutler v. City of Cleveland* on October 15, 2002, Case No. 02CV1236, at page 3 (finding removal by the City of Cleveland was proper, without the consent of the defendant alleged to have murdered the plaintiff's decedent, because "the wrongful death claim against [the alleged murderer] is a separate and independent cause of action from the §1983 claim against the City defendants."  Therefore [the

alleged murderer's] consent is not necessary for removal.") (unreported and unpublished, attached as Exhibit C).¹ Claims are considered "separate and independent" when a "controversy between the plaintiff and the defendant could be determined and complete relief afforded without the presence of any other original parties to the actions." *Id.* at 3. Additionally, Section 1441(c) provides that the district court may, in its discretion, retain jurisdiction over the entire case or remand those matters not within its original jurisdiction. See *Cutler v. City of Cleveland* at pp. 3-4 (accepting removal of federal claims brought against the city defendants, and remanding the wrongful death claim against the alleged murderer ("Also, in the interests of justice and to avoid prejudice to the defendants, it is important to separate the wrongful death claim from the claims against the City and DeJesus. If the claims were tried together, jurors may be influenced by the claim against Moulder."). A district court's exercise of discretion to remand claims to state court is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d).

4. Removal is being timely accomplished within the thirty (30) day time period allowed by law. The entirety of the pleadings to date consists of the Summons and Complaint received by the City of Cleveland (attached hereto as Exhibit A) and the docket (attached hereto as Exhibit B).

---

¹ The Sixth Circuit has held that unpublished decisions from the Sixth Circuit do not constitute binding precedent. However, they may constitute persuasive authority "especially where there are no published decisions which will serve as well." *In re Hess*, 209 B.R. 79, 82 n.3 (6th Cir. 1997) (citing *In re Braddy*, 195 B.R. 365, 370-71 (Bankr. E.D. Mich. 1996) ("[A]lthough the [Sixth Circuit] Court of Appeals does recognize that its unpublished decisions are not binding precedent in the same sense as published decisions, the [Sixth Circuit] does cite an unpublished decision when there is no published decision on point and the reasoning of the unpublished decision is found persuasive.")).

5.     A copy of Defendant's Petition for Removal and a Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Cuyahoga County Ohio as required by 28 U.S.C. § 1446(d).

Defendant City of Cleveland prays that this case, presently pending in the Court of Common Pleas, Cuyahoga County, Ohio, be removed to this Court and proceed according to law.

                                        Respectfully submitted,

                                        ROBERT J. TRIOZZI (0016532)
                                        Director of Law, City of Cleveland

By:    *s/ Amy E. Marquit Renwald*
         THOMAS J. KAISER (0014339)
         Chief Trial Counsel
         AMY E. MARQUIT RENWALD (0074279)
         Assistant Director of Law
         City of Cleveland Department of Law
         City Hall – Room 106
         601 Lakeside Avenue
         Cleveland, Ohio 44114
         Tel: (216) 664-2800   Fax: (216) 664-2663
         tkaiser@city.cleveland.oh.us
         amarquitrenwald@city.cleveland.oh.us
         *Counsel for Defendant City of Cleveland*

## CERTIFICATE OF SERVICE

A copy of this Removal Petition was sent by regular mail this 21st day of July, 2009 to the following:

Ian N. Friedman, Esq.
1304 West 6th Street
Cleveland, Ohio 44113

    and

Joseph A. Delguyd
1360 West 9th Street, Suite 400
Cleveland, Ohio 44113

*Counsel for Plaintiff*

<u>s/ Amy E. Marquit Renwald</u>
Amy E. Marquit Renwald (0074279)
*Counsel for Defendant City of Cleveland*

40120