IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| DIANE MARUSCHAK, Individually and as Administrator of the Estate of John Maruschak, deceased<br><br>Plaintiff,<br><br>vs<br><br>City of Cleveland<br>601 Lakeside Avenue<br>Cleveland, OH 44114-1077<br><br>and<br><br>Cleveland Police Department<br>Cuyahoga County<br>1300 Ontario Street<br>Cleveland, OH 44113<br><br>and<br><br>Donna Yousef<br>Cleveland Police Department<br>Cuyahoga County<br>1300 Ontario Street<br>Cleveland, OH 44113<br><br>and<br><br>Donna Yousef<br>3679 Warren Road<br>Cleveland, OH 44111-3071<br><br>and<br><br>Donna Yousef<br>07737 Dercum Ave.<br>Cleveland, OH 44105<br><br>and | CASE NO.<br><br>Judge: HOLLIE L GALLAGHER<br><br>CV 09 695872<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

JUN 24
City of Cleveland
Department of Law

```
Aaron Wulff                                      )
Cuyahoga County Correctional Center              )
1215 West Third Street                           )
Cleveland, OH  44113                             )
                                                 )
        and                                      )
                                                 )
Alex Wulff                                       )
Cuyahoga County Correctional Center              )
1215 West Third Street                           )
Cleveland, OH  44113                             )
                                                 )
        and                                      )
                                                 )
John Doe 1-10                                    )
(Names and Addresses Unknown)                    )
(Parties intended are any and all other          )
municipal entities and/or agencies and/or        )
corporations, including agents and/or            )
employees of said municipal entities and/or     )
agencies and/or corporations.)                   )
                                                 )
        and                                      )
                                                 )
John Doe 11-20                                   )
(Names and Addresses Unknown)                    )
(Parties intended are any and all                )
individuals who aided and/or abetted             )
Defendants, Aaron Wulff and/or                   )
Alex Wulff.)                                     )
                                                 )
             Defendants.                         )
```

1. Now comes the Plaintiff, Diane Maruschak, Administrator of the Estate of John Maruschak, who died on or about July 16, 2008, having been appointed same in Cuyahoga County Probate Court, Case Number 2009 EST 148847. (Exhibit 1) At all times relative to this Complaint, she was a resident of the State of Ohio. Diane Maruschak brings this Complaint in her capacity as Administrator of the Estate of John Maruschak for the benefit of its heirs.

2. Plaintiff, Diane Maruschak, is the mother of the decedent, John Maruschak. The decedent is also survived by his father, John Maruschak, and sister, Christine Maruschak.

3. Defendants, Donna Yousef and/or Aaron Wulff and/or Alex Wulff and/or John Doe 11-20, proximately caused the death of decedent, John Maruschak. At all times relevant to this Complaint, said Defendants resided in the County of Cuyahoga, State of Ohio.

4. Further, Defendants, John Doe 1-10, (Names and Addresses unknown), are any and all other municipal entities and/or agencies and/or corporations, including agents and/or employees of said municipal entities and/or agencies and/or corporations. Plaintiff further states that she does not know the name(s) of this/these Defendant(s) and could not in the exercise of due diligence, discover his/her name and/or names. Upon discovery of this/these Defendants, the Plaintiff will amend her Complaint accordingly.

5. Further, Defendants, John Doe 11-20, (Names and Addresses unknown), are any and all individuals who aided and/or abetted Defendants, Aaron Wulff and/or Alex Wulff. Plaintiff further states that she does not know the name(s) of this/these Defendant(s) and could not in the exercise of due diligence, discover his/her name and/or names. Upon discovery of this/these Defendants, the Plaintiff will amend her Complaint accordingly.

6. Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), are municipal corporations charged with hiring and/or retaining and/or establishing and/or training and/or maintaining and/or disciplining and/or protecting and/or responding and/or otherwise operating a police department in a lawful manner. Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), are charged with assuring that the laws of the State of Ohio are enforced through their police departments under the direction of the Chief of Police and John Does.

7. Defendant, Donna Yousef, is sued in her individual and official capacities as an agent and/or employee of Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown).

## FACTS

8. On or about July 16, 2008, in the early morning hours, Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown), were beating the decedent with a baseball bat. This was witnessed by a neighbor who placed a 911 call that was taken by Defendant, Donna Yousef, an agent and/or employee of Defendants, The City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown),

9. Defendant, Donna Yousef, was informed that the caller's neighbor was being beaten with a baseball bat. While Defendant, Donna Yousef, and the caller where on the line, Defendant, Donna Yousef, was informed that the victim, later learned to be the decedent, John Maruschak, was thrown in the back of a pick-up truck. Defendant, Donna Yousef, asked the caller if he had a license plate number of the vehicle. The caller indicated that he did not. Defendant, Donna Yousef, recklessly and wantonly responded that she could do nothing without a license plate number and that if the individuals returned, to call the police. Defendant, Donna Yousef, then ended the call. No Defendant ever responded in any way to this call. In spite of the caller also reporting the incident in person to the 2nd District Police Station, it was merely dismissed by Defendants, Donna Yousef and the Cleveland Police Department.

10. The subject attack occurred at 3543 Woodbridge Avenue, on Cleveland's west side in the 2nd District. This location is approximately a half mile or less from the 2nd District Police Station on Fulton Avenue.

11. The police were not dispatched to Woodbridge Avenue and/or Fulton Avenue and/or any other location relevant to the subject attack.

12. Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown) drove their vehicle to Ansel Road and Wade Park and dumped the body of John Maruschak. At the time he was dumped at that site, Mr. Maruschak was alive. Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown), assaulted him again. Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown), returned later to find Mr. Maruschak had died.

13. Thereafter, Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown), removed John Maruschak's body from Ansel Road and Wade Park and drove the body to their father's property located at 3749 State Route 167 in Ashtabula County, Ohio.

14. Thereafter, Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown), started a fire and burned the decedent's body for approximately six (6) hours. Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown), then disposed of the ashes where the decedent's body had been burned.

15. The decedent, John Maruschak, was caused to die as a proximate result of the wrongful acts and/or omissions of the Defendants, jointly and/or severally.

16. In addition to, or in the alternative, Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), failed to adequately educate and/or train and/or hire and/or retain and/or supervise and/or develop

policies and/or enforce policies and/or otherwise assure the safety of the citizens of Cleveland, especially the decedent, from violence and/or criminal conduct.

17. Defendant, City of Cleveland, has a duty to recruit, hire and train its employees in a manner that they enforce the laws and policies consistently and are not a danger to the general public by acts of wanton and recklessness, nonfeasance, misfeasance, malfeasance, in particular to the decedent and his heirs.

18. Defendant, Donna Yousef and Defendant, Cleveland Police Department, acting in the course and scope of their employment, were reckless and wanton in their lack of concern for the safety of the citizens of the City of Cleveland, in particular, the life of decedent, John Maruschak. Defendant Donna Yousef, was negligently hired and/or trained and/or retained as an employee by Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), when it was learned that the performance of her job duties was far below that of any reasonable dispatcher.

19. The conduct of Defendant, Donna Yousef, has been adopted and/or ratified and/or condoned and/or has otherwise become the act of Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), jointly and/or severally.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

20. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

21. The conduct of the Defendants was jointly and/or severally negligent and/or reckless and/or wanton and/or willful and/or intentional and/or legally malicious and/or otherwise wrongful.

22. The wrongful conduct of the Defendants constitutes violations of certain state statutes which were enacted for the protection and safety of the decedent and his heirs, as well as individual members of the general public.

23. The wrongful conduct of the Defendants involved numerous violations of Title 29 of the Ohio Revised Code.

24. The statute, Title 29, created an affirmative duty on the part of the Defendants, a violation of which is not subject to the defense of statutory immunity for municipal corporations or its agents or employees.

25. The violation of these aforesaid statutes as general safety statutes provides rights to remedy in addition to those rights to remedy or guarantees of rights to remedy for criminal acts as provided in RC 2307.60.

26. The wrongful conduct and/or violation of statutes or violations of statutorily protected rights of the Plaintiff's Decedent proximately caused physical harm, conscious pain, conscious suffering and mental anguish to the decedent resulting in the violent and unnecessary death of decedent, John Maruschak.

27. As a proximate result of the joint and several conducts of the Defendants, the Plaintiff has suffered and is entitled to compensatory, punitive and other damages as provided by law.

## SECOND CAUSE OF ACTION

28. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

29. On July 16, 2008, Defendants, Alex Wulff and/or Aaron Wulff and/or John Doe 11-20 (Names and Addresses Unknown) committed acts constituting felonious assault and/or attempted murder and/or murder among others against the Plaintiff's decedent.

30. The wrongful conduct and numerous wrongful acts of the Defendants jointly and/or severally constitute individual acts of murder against the decedent directly and by ratification and/or adoption.

31. As a proximate result of the aforesaid wrongful conduct, the Plaintiff has suffered injuries and is entitled to compensation, punitive and other damages.

## THIRD CAUSE OF ACTION

32. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

33. Defendants caused the wrongful death of Plaintiff's decedent, John Maruschak.

34. Plaintiff, Diane Maruschak, Administrator, brings a claim for wrongful death on behalf of the heirs of John Maruschak pursuant to Ohio Revised Code Section 2125.01 et seq.

35. The Administrator prays for all relief and damages to which the heirs are entitled under R.C. 2125.01 and the common law there under.

## FOURTH CAUSE OF ACTION

36. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

37. Plaintiff, Diane Maruschak, as Administrator, brings a claim for survivorship on behalf of the Estate of John Maruschak for all relief and damages to which the Estate would be entitled under said statute and common law there under.

## FIFTH CAUSE OF ACTION

38. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

39. Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), jointly and/or severally engaged in state action and were conducting and/or were acting under color of state law in their capacities and actions as set forth herein as well as conducting themselves individually in an unlawful manner.

40. The wrongful conduct of the Defendants set forth herein was objectively unreasonable and any objective person or entity in their position would, or should, have known that their conduct was unconstitutional and/or otherwise unlawful and/or a policy, lack of policy, that was substantially certain to result in injury or death.

41. Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), jointly and/or severally denied Plaintiff's decedent his constitutional rights under the United States Constitution, including but not limited to life, liberty interests, property interests, freedom from cruel and unusual punishment, equal protection and other rights guaranteed by the United States Constitution and federal statutory applicable law.

42. Through the wrongful conduct as pleaded above, the Defendants violated Plaintiff's decedent's right to substantive due process under the Fourteenth Amendment to the United States Constitution by establishing a state created danger by taking affirmative steps which created and/or increased the risk that Plaintiff's decedent would suffer an act of violence.

43. As a consequence of the state action, Plaintiff's decedent faced special danger different than the risks that face the public at large.

44. The Defendants knew or should have known that their actions endangered Plaintiff's decedent.

45. Defendants acted in bad faith.

46. As a proximate result of the wrongful conduct of the Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown), the Plaintiff and Plaintiff's decedent has suffered a deprivation of their constitutional rights as well as their rights under law, redressable under 42 United States Code Annotated Section 1983, 42 United States Code Annotated Section 1985, 42 United States Code Annotated Section 1988; federal and statute common law, which entitles them to compensatory, punitive, attorney fees and other damages pursuant to his/their rights to remedy.

## SIXTH CAUSE OF ACTION

47. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

48. The Defendants, jointly and/or severally, have wrongfully failed to investigate and/or discipline and/or terminate and/or prosecute Defendant, Donna Yousef and/or John Doe 1-10 (Names and Addresses Unknown), in regard to unlawful, wrongful activities as herein.

49. Such wrongful acts and/or omissions are outrageous and/or wanton and/or reckless and/or extreme and cannot be tolerated in our society.

50. Such acts and/or omissions are in dereliction of the Defendants' duties and the nonfeasance, misfeasance and malfeasance of the Defendants, jointly and severally, have proximately resulted in injuries to the Plaintiff entitling her to an award for compensatory, punitive and other damages.

51. The Defendants have continued to unlawfully pay Defendant, Donna Yousef, her salary which has further resulted in losses to the Plaintiff and similarly situated taxpayers of the City of Cleveland and Plaintiff reserves the right to bring an appropriate claim as a taxpayer and should the City Attorney of Cleveland fail to act pursuant to the City Charter and Ohio Revised Code upon notice of this demand for him to do so.

## SEVENTH CAUSE OF ACTION

52. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

53. Defendants, City of Cleveland and/or Cleveland Police Department and/or John Doe 1-10 (Names and Addresses Unknown) jointly and severally, failed to perform their constitutional, statutory and common law duties in properly investigating the claims of the Plaintiff within the accepted standards of said duties.

54. The wrongful conduct of the Defendants has been under color of law, as well as performed in their individual capacities and they have violated the protected rights of the Plaintiff to said proper investigation.

55. The Defendants have further wrongfully delayed the investigation and/or discipline and/or appropriate remedial action in regards to Defendants, Donna Yousef and/or John Doe 1-

10 (Names and Addresses Unknown), further jeopardizing the rights and safety of Plaintiff and all citizens of the City of Cleveland who are affected as taxpayers and protected class members.

56. The wrongful conduct of the Defendants, jointly and severally, has proximately resulted in the death of the decedent and deprivation of the constitutional, statutory and common law rights of the Plaintiff as well as others.

## EIGHTH CAUSE OF ACTION

57. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

58. As a proximate result of the aforesaid wrongful conduct of the Defendants, Plaintiff and decedent's next of kin Diane Maruschak, John Maruschak and Christine Maruschak have suffered a loss of their son's and brother's consortium respectfully, including but not limited to society, companionship, guidance, assistance, counsel and the consortium of each other toward the other.

59. The wrongful conduct of the Defendants, jointly and/or severally, has proximately caused Plaintiff's injury as pled herein and entitles her an award of compensatory, punitive and other damages.

## NINTH CAUSE OF ACTION

60. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully rewritten herein.

61. The Defendants maliciously and/or intentionally and/or wantonly and/or recklessly and/or negligently inflicted severe emotional distress upon Plaintiff.

62. The conduct of the Defendants was outrageous and blatantly unlawful.

63. The resulting harm was severe and of a nature that should not be tolerated in a community that operates under the protection of law.

64. The resulting distress has been severe and proximately resulted in damages to the Plaintiff.

WHEREFORE, Plaintiff, Diane Maruschak, individually and through the Estate, pray for judgment against the Defendants, jointly and/or severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in compensatory damages, Twenty-Five Thousand Dollars ($25,000.00) in punitive damages, statutory damages, attorney fees, costs and all further relief to which they are entitled at law or equity.

Respectfully Submitted,

_____
IAN N. FRIEDMAN (0068630)
Ian N. Friedman & Assoc., LLC
1304 West 6th Street
Cleveland, Ohio 44113
(216) 928-7700
Attorney for Plaintiff

_____
JOSEPH A. DELGUYD (0030630)
1360 West 9th Street, Suite 400
Cleveland, Ohio 44113
(216) 502-0588
Fax: (216) 736-7136
Attorney for Plaintiff

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues presented herein.

_____
IAN N. FRIEDMAN (0068630)
Ian N. Friedman & Assoc., LLC
1304 West 6th Street
Cleveland, Ohio 44113
(216) 928-7700
Attorney for Plaintiff

_____
JOSEPH A. DELGUYD (0030630)
1360 West 9th Street, Suite 400
Cleveland, Ohio 44113
(216) 502-0588
Fax: (216) 736-7136
Attorney for Plaintiff

**PROBATE COURT OF CUYAHOGA COUNTY, OHIO**
Anthony J. Russo Presiding Judge
Laura J. Gallagher, Judge

ESTATE OF: John E. Maruschak, DECEASED

Case Number: 2009 EST 0144847

## ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
(For Executors and all Administrators)

Name of Fiduciary: **Diane Maruschak**

On hearing in open court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that:

Decedent died **(check one of the following)** - ☐ testate ■ intestate - on 07/16/2008, domiciled in Cleveland, OH 44109.

**(Check one of the following)** - ☐ Bond is dispensed with by the Will - ☐ Bond is dispensed with by law - ■ Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

03/04/2009
Date appointed

**Anthony J. Russo**
Probate Judge

### CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

(Seal)

**Anthony J. Russo**
Probate Judge

Deputy Clerk

March 4, 2009
Issue Date

EXHIBIT

ES4-5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY