IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE MARUSCHAK, | ) | CASE NO.: 1:09 CV 1680 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THE CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendant, City of Cleveland's ("the City") Motion to Dismiss All Claims (ECF #24) pursuant to Fed. R. Civ. P. 12(b)(6), and Defendant, Donna Yousef's Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c). (ECF #25). Plaintiff has filed a Consolidated Memorandum in Opposition to the motions to dismiss (ECF #27) and Defendants have each filed reply briefs in support of their motions. (ECF #29, 30). After careful consideration of the briefs and a review of all relevant authority, the City's Motion to Dismiss is GRANTED, and Ms. Yusef's Motion for Judgment on the Pleadings is GRANTED in PART.

## **STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6),[1] the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993).  "A  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555.  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232,  236 (1974).

## **PROCEDURAL AND FACTUAL HISTORY**[2]

Plaintiff, Diane Maruschak is the mother of the Decedent, John Maruschak, who was

---

[1] A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

[2] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

killed at the hands of Defendants Aaron and Alex Wulff. She filed her Complaint in the Cuyahoga County Court of Common Pleas, against Defendants, City of Cleveland, Donna Yousef, Aaron Wulff, Alex Wulff, the Cleveland Police Department, and John Does 1-20. The City of Cleveland removed the case to this Court in July of 2009. In December of 2009, Defendant, Cleveland Police Department was dismissed from the action. Following discovery, Plaintiff failed to identify any of the alleged John Doe Defendants, therefore, they too are dismissed from the action. Defendants Aaron Wulff and Alex Wulff have not responded to the Complaint or otherwise appeared in this action. They are both serving jail time for the crimes underlying the allegations in this civil action.

The Complaint alleges that on or about July 16,2 008, Defendants Aaron Wulff and/or Alex Wulff beat the decedent with a baseball bat, threw him into the back of a pick-up truck, drove him to Ansel Road and Wade Park, and dumped his body. (Complaint ¶¶ 8, 12). At this site, the Wulff brothers again assaulted Mr. Maruschak and then left him to die. (Complaint ¶ 12). The Wulff brothers returned to the site, removed Mr. Maruschak's body to another location, burned his body and disposed of the ashes. (Complaint ¶¶ 12-14).

A neighbor witnessed the original assault and called 911 to report the incident. Defendant, Donna Yousef was the 911 operator who took the call. According to the Complaint, the caller told Ms. Yousef that his neighbor was being beaten with a baseball bat, and while they were talking, the caller reported that the victim was thrown in the back of a pick-up truck. (Complaint ¶ 9). Ms. Yousef asked the caller if he had a license plate number for the truck, which he did not. (Id.) Ms. Yousef then responded that there was nothing she could do without a license plate number, and that the caller should call the police if the individuals returned. (Id.)

She then ended the call. (Id.) The police never responded to the call. (Id.). The 911 caller also reported the incident, in person, to the 2nd District Police Station. (Id.). The report was dismissed. (Id.).

The Complaint also alleges that the City of Cleveland "failed to adequately educate and/or train and/or hire and/or retain and/or supervise and/or develop policies and/or otherwise assure the safety of the citizens of Cleveland, especially the decedent, from violence and/or criminal conduct." (Complaint ¶16). More specifically, the Complaint alleges that Defendant Donna Yousef was "negligently hired and/or trained and/or retained as an employee by the ... City of Cleveland ... when it was learned that the performance of her job duties was far below that of any reasonable dispatcher." (Complaint ¶ 18). In Count Six, Plaintiff seeks relief for the City's failure to "investigate and/or discipline, and or terminate, and/or prosecute Defendant, Donna Yousef . . . ." (Complaint ¶ 48).

Overall, the Complaint sets forth nine alleged causes of action, which break down as follows. Counts One, Two, Three, Four, Eight and Nine seek to hold all of the Defendants jointly and severally liable under Ohio state law for "numerous violations of Title 29 of the Ohio Revised Code" (Count 1); felonious assault/attempted murder/murder (Count Two); wrongful death under R.C. 2125.01 (Counts Three and Four); loss of consortium (Count Eight); and, intentional infliction of emotional distress (Count Nine).

Count Five seeks to hold the City liable for violations of 42 U.S.C. §§ 1983, 1985, and 1988, the Fourteenth Amendment of the U.S. Constitution, and federal statutory and common law. Counts Six and Seven seek to hold the City liable for failure to investigate, discipline, terminate or prosecute Donna Yousef in violation of Cleveland's City Charter and the Ohio

Revised Code (Count 6),[3] and for failure to investigate the Complaint and to protect its citizens (Count 7).[4]

Defendants, the City of Cleveland, and Donna Yousef, have each moved this Court for judgment in their favor based upon the pleadings. Plaintiff asserts that there is sufficient legal basis for each of her claims as set forth in the Complaint, and that dismissal would be inappropriate at this stage of the proceedings.

## **ANALYSIS**

A. Federal Claims

Plaintiff alleges that the City of Cleveland and Donna Yousef violated John Maruschak's substantive due process rights under the Fourteenth Amendment, and are, therefore, liable for damages under 42 U.S.C. §1983 and 1985.[5] In order to recover under these statutes, a plaintiff must show that a person acting under the color of state law, deprived the plaintiff of a federal right.

---

[3] The Complaint states that the Sixth cause of action was brought jointly and severally against all Defendants. On the face of the Complaint, however, this Count is not applicable to the individual Defendants, Aaron and Alex Wulff, or to Donna Yousef.

[4] Counts Five and Seven do not list Donna Yousef as one of the Defendants against whom they are raised. However, based upon a fair reading of the Complaint, the allegations in their entirety clearly implicate Ms. Yousef in each of these two Claims. Further, taking into consideration that Ms. Yousef has addressed each of these claims in her own motion to dismiss, the Court will consider Ms. Yousef as a named Defendant for each of those Counts.

[5] Plaintiff's §1985 claim also fails because an essential element of this claim is a conspiracy, and the Complaint fails to make any factual (or even conclusory) allegation of a conspiracy.

Under the Due Process Clause of the Fourteenth Amendment, no state can deprive "any person of life, liberty, or property, without due process of law. However, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasions by private actors." *DeShaney v. Winnebago County Dept. Of Soc. Services*, 489 U.S. 189, 195 (1989). Therefore, absent one of two exceptions, "it is not a constitutional violation for a state actor to ... fail to rescue those in need," and the state has no constitutional duty to protect or rescue its citizens. *Peete v. Metro. Gov't*, 486 F.3d 217, 223 (6th Cir. 2007); see also, *DeShaney*, 489 U.S. at 196, 201. Exceptions to this rule apply when (1) the state has custody of the person in need or some other "special relationship" that heightens their responsibility to care for a particular citizen; or (2) when a state actor acts affirmatively to create or greatly increases the risk of harm to its citizens.

In this case, the Plaintiff's Complaint does not allege that John Maruschak was in state custody, or that any special relationship existed between him the City (or between him and Donna Yousef) that would have given the state a heightened level of responsibility for his care and protection.[6] The first exception to the general rule, therefore, does not apply.

Under the state-created danger exception, liability may be assessed to the state if it "cause[s] or greatly increase[s] the risk of harm to its citizens without due process of law through its own affirmative acts." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998). A state-created danger claim must establish three elements:

---

[6] Plaintiff's Response to the Motions to Dismiss raises an argument as to whether a special relationship may have been created. However, the Court is limited to the allegations made in the Complaint, and no allegation of a special relationship, or of any facts that could lead the Court to conclude that such a relationship existed, was raised in the Plaintiff's Complaint.

> (1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff.

*Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006). The basis of this lawsuit is the allegation that the 911 operator failed to report the call to the police; in other words, the Complaint, itself alleges a failure to act, not an affirmative action as the basis for its claims. Both the U.S. Supreme Court and the Sixth Circuit have repeatedly held that a failure to act, even with knowledge that a risk of harm may exist without state intervention, is not enough to confer liability under the Fourteenth Amendment. *See, e.g., DeShaney*, 489 U.S. at 197; *Patterson*, 2008 WL 4858440; *Jones v. Reynolds*, 438 F.3d 895 (6th Cir. 2006); *Schroder v. City of Fort Thomas*, 412 F.3d 724, 728-29 (6th Cir. 2005); *Weeks v. Portage County Executive Offices*, 235 F.3d 275 (6th Cir. 2000).

Plaintiff claims that Ms. Yousef's response to the 911 call was more than a mere failure to act. She claims that because Ms. Yousef allegedly told the caller that nothing could be done without a license plate number for the truck, she actively dissuaded the caller from seeking further assistance for the decedent. However, the 911 caller was not dissuaded from his attempts to report this crime. The Complaint, itself, states that the 911 caller also reported the incident, in person, to the Second District Police Station. (Complaint ¶ 9).

Further, because it is often difficult to differentiate between affirmative conduct and acts of omission,[7] the Sixth Circuit has stated that for purposes of the state-created danger exception,

---

[7] For example, when someone is prematurely released from custody is the act affirmative (releasing them) or an act of omission (failing to detain them)(see, *Estate of Leon Smithers v. City of Flint*, No. 05-40347 (6th Cir., April 21, 2010)); is it an affirmative act to tell drag

the test for whether or not the state has engaged in an "affirmative act" is whether or not the victim "was safer before the state action than he was after it." *Koulta v. Merciez*, 477 F.3d 442, 446 (6th Cir. 2007)(quoting *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2002). In this case, accepting the allegations in the Complaint as true, the 911 operator's response to the report of Mr. Maruschak's assault and kidnaping may, on the surface, seem negligent or indifferent to gravity of his position. There can be no argument, however, that Mr. Maruschak was safer before the 911 call than he was after it. By the time the 911 call was made, Mr. Maruschak was already in the hands of his attackers and had already been beaten, thrown into the back of a truck and driven away. He was already at a high risk of dying from already sustained injuries or from other injuries that his attackers may have imposed upon him before any investigation could have been undertaken. Therefore, even if Ms. Yousef's response had deterred the 911 caller from reporting the incident to the police, she did not create the risk of harm that unfortunately befell him. *See, Willis v. Charter Twnshp of Emmett,* No. 08-2100, 2010 WL 21873 (6th Cir. Jan. 5, 2010)(failing to determine an accident victim was still alive and actively deterring other people from providing medical assistance to an accident victim did not create or increase risk of harm); *May v. Franklin Cty. Bd. Of Commr's*, 437 F.3d 579, 584 (6th Cir. 2006)(holding dispatcher's action did not create the risk of harm to the victim because she was at a high risk of being killed by her attacker before the dispatcher acted).

  Plaintiff has not made any allegations in her Complaint that would support a finding that

---

racers that the police won't stop the race, or is it an act of omission by failing to take action to stop it (see, *Jones v. Reynolds*, 438 F.3d 895 (6th Cir. 2006)); if a bus driver takes someone who is having seizures home instead of obtaining medical assistance for her is it an affirmative act (taking her home), or an act of omission (failing to obtain medical care)(see, *Sargi v. Kent City Bd. Of Education*, 70 F.3d 907, 912-13 (6th Cir. 1995))?

the state committed an affirmative act that created or increased the risk of harm to Mr. Maruschak; and, the City had no affirmative duty to protect Mr. Maruschak from harm imposed by private citizens. Consequently, Plaintiff cannot establish any constitutional violation arising from Ms. Yousef's failure to report the call to the police, or from the state's failure to investigate the initial report of his assault and kidnaping. Count Five of the Complaint must, therefore, be dismissed.

In so far as Counts Six and Seven may set forth Monell claims for failure to train, supervise, discipline, and/or prosecute Ms. Yousef; and for its alleged failure to perform a subsequent investigation into Plaintiff's claims, they likewise must fail. Without a constitutional violation, a court cannot impose liability upon a municipality under Section 1983, regardless of the policies and procedures in place. *See, City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)(per curium)(holding that if a plaintiff has not suffered a constitutional injury, the existence of a policy or procedure that might allow for such a violation is immaterial).

Further, the allegations set forth in claims Six and Seven do not state a redressable claim against the City. A municipality, as a matter of law, has no duty to any individual to investigate or prosecute a crime, or to investigate a citizen's complaint. *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992); *see also, DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989). Any failure to investigate Plaintiff's claims relating to the untimely and unfortunate death of her son, and any failure to investigate, discipline, prosecute, or otherwise deal with Ms. Yousef after Mr. Maruschak's death could not, as a matter of law, have been the proximate cause of Plaintiff's loss, since Mr. Maruschak's suffering and death occurred before those alleged acts and omissions took place.

As to the allegations of a failure to properly train Ms. Yousef, a claim for failure to train under Section 1983 must allege facts demonstrating that the City failed to train an entire class of employees, not just one individual.  *See, Lewis v. City of Irvine, Ky*, 899 F.2d 451, 455 (6th Cir. 1990).  "It is well-settled that a plaintiff must do more than prove that a single officer was improperly trained or out of control, even if the City had been aware of past complaints against that particular officer. . . . Rather, plaintiff is required to show a clear and persistent pattern of improper training or lack of supervision."  *Tomazic v. City of Cleveland*, No. 1:04 CV 2252, 2006 WL 2661295, at *7 (N.D. Ohio Sep. 14, 2006).  In this case, the Complaint alleges only that Ms. Yousef was inadequately trained, not that the City had a clear and persistent pattern of improper training, or even that other employees in Ms. Yousef's position were inadequately trained to perform their jobs.  For these reasons, any claims under 42 U.S.C. §1983, or other constitutional claims contemplated in Counts Six and Seven fail as a matter of law.

Finally, although the Complaint generally asserts violations of other federal "statutory and common law," no other federal causes of action have actually been identified.  It is not within the Court's purview to seek out or otherwise identify claims that may or may not be possible under the facts asserted in the Complaint.  As written, the Complaint fails to give fair notice of any other federal causes of action, arising from any federal statutes or any federal common law, that could form the basis for a claim against the Defendants.

B. State Law Claims

    1.  Claims Against The City of Cleveland

The City of Cleveland is immune from negligence and intentional torts claims, and cannot

-10-

be held liable for state-tort claims on a theory of respondeat superior. Ohio political subdivisions are generally immune from claims brought in negligence relating to the performance of a government function. Section 2744.02(A)(1) of the Political Subdivision Tort Liability Act provides as follows:

> Except as provided in Division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or a proprietary function.

There is no question that the allegations in Plaintiff's Complaint are based upon the performance (or non-performance) of a governmental function, and the Complaint alleges no exception to this general immunity. Plaintiff does not challenge the applicability of the immunity statute to its state law claims against the City. She does, however, argue that the City would, nonetheless, be derivatively liable for damages that may be awarded based on Ms. Yousef's individual liability. It is well settled, however, that there is no respondeat superior liability for Ohio political subdivisions. *See, e.g., Friga v. East Cleveland*, No. 88262, 2007 WL 1084013, *5 (Ohio App. 8th dist. Apr. 12, 2007). [8] The City of Cleveland, is immune from any state law claims arising out the allegations raised in the Complaint. Counts One through Four, Six, Seven,[9] Eight, and Nine, must, therefore be dismissed against the City.

---

[8] Plaintiff's claim that liability derives from R.C. §2744.07, which can obligate a political subdivision to indemnify and defend its employee is misguided. The right of indemnification is the right of the employee; it does not create an cause of action or any enforceable right against the city in favor of a Plaintiff who sues a municipal employee.

[9] This analysis applies in so far as the allegations in Counts Six and Seven may raise claims under Ohio state law.

-11-

2. Claims Against Donna Yousef

The analysis of immunity differs somewhat for employees of political subdivisions. Ohio Revised Code §2744.03(A)(6) states that "employee of a political subdivision is immune from liability unless the employee's actions or omissions are manifestly outside the scope of employment or the employee's official responsibilities, the employee's acts or omissions were malicious, in bad faith, or wanton or reckless, or liability is expressly imposed upon the employee by a section of the Revised Code." *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 865 N.E.2d 9, ¶17 (2007); R.C. §2744.03(A)(6)(a)-(c). Exceptions to immunity must be construed narrowly to effectuate the purpose of the immunity statute. *Hallett v. Stow Bd. Of Edn.,* 89 Ohio App.3d 309, 312-313, 624 N.E.2d 272 (1993)

Plaintiff does not contend that Ms. Yousef's actions or omissions were manifestly outside the scope of her employment or official responsibilities, or that some section of the Revised Code expressly imposed liability on her for her alleged acts or omissions. Plaintiff does argue that Ms. Yousef's response to the 911 caller was wanton and/or reckless, and that she is, therefore, not entitled to immunity under O.R.C. §2744.03(A)(6).

The Complaint makes allegations sufficient to support the possibility that Ms. Yousef's actions (or lack thereof) may have been reckless or wanton under the circumstances. The Plaintiff has stated the factual allegations underlying her claim that Ms. Yousef's actions and/or inactions were reckless and wanton, and has not relied on mere "labels and conclusions." Ms. Yousef clearly disagrees that the facts as outlined in the Complaint arise to the level of reckless or wanton, but the facts are stated, and the ultimate determination is a more a question of fact than it is a question of law. *See, e.g.*, *Burnell v. Dulle*, 169 Ohio App.3d 792, 865 N.E.2d 86

(12th Dist. 2006)("Whether a person acted in a reckless and wanton manner is usually a question for the jury"); *Anderson v.Lynn*, 12th Dist. No. CA 98-10-97, 1999 W.L. 296576, p. *3 (May 10, 1999); *Garrison v. Bobbitt*, 134 Ohio App.3d 373, 385, 731 N.E.2d 216, 225 (2nd Dist. 1999). Therefore, the Court cannot say, as a matter of law, that immunity would apply to bar any state claims against Ms. Yousef under the circumstances outlined in the Complaint, and the state law claims cannot be dismissed on that basis, at this stage of the proceedings. This is certainly not to say that the Plaintiff will, or is even likely to succeed on her claims, but the allegations in the Complaint, considered in the light most favorable to the Plaintiff, are sufficient to entitle her to seek and offer evidence to support her contention.

That said, some of the individual state claims set forth in the Complaint do fail to state a claim upon which relief can be granted. First, in Count One, the vague allegation that Ms. Yousef violated Chapter 29 of the Ohio Revised Code fails to state a claim upon which relief may be granted. Chapter 29 address criminal offenses and no civil remedy exists under those statutes.[10] *See, e.g., McVicker v. Hartfield*, 2009 WL 2431257 (S.D. Ohio 2009); *Biomedical Innovations, Inc. v. McLaughlin,* 103 Ohio App.3d 122, 658 N.E.2d 1084 (1995). Further, in so far as Count Two seeks to hold Ms. Yousef jointly and severally liable for assault, battery, attempted murder, or murder, this claim must be dismissed. No where in the Complaint are there any allegations that Ms. Yousef had any personal contact with the decedent, or that she knew or conspired with his attackers. There is absolutely no factual or legal basis alleged in the Complaint upon which this claim could remain against Ms. Yousef.

---

[10] The only civil remedies addressed under Chapter 29 provide a conditional right of recovery for victims against their offenders. Ms. Yousef has not been convicted of any crime, and cannot be considered an "offender" for purposes of those provisions.

Where, as in this case, federal issues are dismissed before trial, district courts may decline to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).  In determining whether to exercise supplemental jurisdiction, issues of judicial economy, convenience, fairness and comity are considered.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  As a general matter, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  Because there is no foreseeable prejudice to any remaining parties that would arise from litigating the remaining state law issues in state court, and because the goal of fairness and comity would be advanced by allowing the state court to address the state law issues, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  This action shall be remanded to the Cuyahoga County Court of Common Pleas from which it was removed.

**CONCLUSION**

For the reasons set forth above, the Defendant, City of Cleveland's Motion to Dismiss (ECF #24) is Granted, and Defendant, Donna Yousef's Motion for Judgment on the Pleadings (ECF #25) is Granted in Part.  All federal claims set forth in the Complaint are dismissed; therefore, Count Five is dismissed in its entirety, and Counts Six and Seven are dismissed in so far as they may raise federal claims, under *Monell* or otherwise.  All state claims against the City of Cleveland are also dismissed, thereby dismissing the City from this action.  Finally, Counts One and Two are dismissed as against Defendant, Donna Yousef only.  The Court declines to exercise supplemental jurisdiction over the remaining state claims in the absence of any remaining federal issues.  The case is remanded to the Cuyahoga County Court of Common Pleas, from which it was removed, for a determination on the remaining state claims.  IT IS SO ORDERED.

         /s/ Donald C. Nugent
        Judge Donald C. Nugent
        United States District Judge

Date:   May 28, 2010